IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE ROWAN, #A0221576,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DOC PEDRI,<br><br>　　　　Defendant. | CIVIL NO. 24-00358 DKW-WRP<br><br>ORDER DISMISSING ACTION |

Pro se Plaintiff George Rowan commenced this lawsuit by signing his Prisoner Civil Rights Complaint on August 9, 2024.  ECF No. 1 at PageID.8.  The Court received Rowan's Application to Proceed In Forma Pauperis by a Prisoner on August 21, 2024.  ECF No. 2.

In an Order to Show Cause dated August 22, 2024, the Court explained that Rowan had accrued three "strikes" under 28 U.S.C. § 1915(g) and was thus presumptively barred from qualifying for in forma pauperis status.  ECF No. 3.  The Court further concluded that, although there is an exception to the three-strikes rule for plaintiffs in "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), Rowan had not alleged facts showing that he was in such danger when he filed this lawsuit.  *Id.* at PageID.24–PageID.25.  The Court instructed Rowan to

explain why he should be allowed to proceed without prepayment of the full $405.00 filing and administrative fees. *Id.* at PageID.25.

The Court received Rowan's Response on September 9, 2024. ECF No. 6. In it, Rowan does not dispute that he has accrued three strikes. And, for the reasons set forth below, Rowan has not shown that he qualifies for the imminent-danger exception.

Rowan alleges that he arrived at the Oahu Community Correctional Center (OCCC) after being taken to the Straub Medical Center on March 18, 2024. ECF No. 6 at PageID.33; *see also* ECF No. 1 at PageID.9. At Straub, Rowan was treated for a "bad infection," and he was prescribed medication. ECF No. 6 at PageID.33. According to Rowan, an unnamed "provider" at OCCC overrode this treatment plan. *Id.*

Over the next "few weeks," Rowan began having trouble walking, he had headaches, and he experienced occasional blackouts. *Id.* at PageID.33–PageID.34. Rowan underwent "wound checks" and additional testing. *Id.* at PageID.34.

Approximately one month after arriving at the OCCC, Rowan began developing open sores, apparently on his inner thigh. ECF No. 1 at PageID.10, PageID.12. The sores grew to the size of quarters and would drain puss and blood. *Id.* Rowan then underwent treatment that included "blood testing" and application

of an antibiotic ointment.  *Id.*  Rowan was also prescribed "relief cream to control the spread of fungal infection."  *Id.*

On June 15, 2024, a "specimen was collected," *id.* at PageID.11, and on July 15, 2024, Rowan had additional lab work done, ECF No. 6 at PageID.34; *see also* ECF No. 1 at PageID.12.  Apparently after the lab work came back, Rowan received a treatment plan that included "return[ing] to [the] clinic for dressing change."  ECF No. 1 at PageID.12.

Based on these allegations, Rowan has not plausibly shown that he faced an imminent danger of serious physical injury when he filed this lawsuit.  Although Rowan describes various medical issues that he experienced between March 18, 2024, and July 15, 2024, the relevant inquiry is not about earlier health risks he may have faced.  Rather, the imminent-danger exception "applies if the danger existed at the time the prisoner filed the complaint"—here, August 9, 2024.  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  Accordingly, allegations concerning events from nearly a month before Rowan filed his complaint do not bear on whether he faced "imminent danger" within the meaning of § 1915(g).  As far as the Court can tell, a treatment plan was in place soon after the July 15, 2024 lab work was completed.  ECF No. 1 at PageID.12.  Nothing suggests that this plan was not followed or that Rowan otherwise faced an imminent danger of serious physical injury when he commenced this lawsuit.

3

To the extent Rowan simply lists various medical issues he may have faced during his time at the OCCC, this is not enough to show an imminent danger of serious physical injury. *See Grandinetti v. HMSF Intake/Screening Physician*, Civ. No. 20-00471, 2020 WL 8265378, at *1 (D. Haw. Nov. 6, 2020) (finding that plaintiff did not establish an imminent danger of serious physical injury when he "does not say when he suffered these injuries and conditions or how they affect him now").

Moreover, the Complaint and Rowan's Response reflect that he has received various forms of medical treatment. Even before arriving at the OCCC, Rowan was taken to Straub. ECF No. 1 at PageID.9; ECF No. 6 at PageID.33. Once at the OCCC, Rowan received "blood testing," antibiotic ointment, "relief cream," and multiple rounds of testing. ECF No. 1 at PageID.10–PageID.12. Although Rowan may disagree with the course or adequacy of his treatment, that does not necessarily show an imminent danger of serious physical injury. *See Hicks v. Yeh*, No. 22-CV-06865-JD, 2023 WL 2762045, at *2 (N.D. Cal. Mar. 15, 2023) ("In light of the medical treatment he is currently receiving and has been receiving over the years, plaintiff fails to demonstrate that he is under imminent danger of serious physical injury."), *appeal dismissed*, No. 23-15486, 2023 WL 4308954 (9th Cir. June 30, 2023); *Balzarini v. Lewis*, No. 1:13-cv-00820-LJO-BAM (PC), 2015 WL 2345464, at *8 (E.D. Cal. May 13, 2015) ("To the extent Plaintiff disagrees with

prison medical personnel about the course or adequacy of any treatment he was receiving does not establish imminent danger."); *Thomas v. Ellis*, No. 12-cv-05563-CW (PR), 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (stating that the imminent-danger exception does not apply "where the prisoner is receiving medical treatment but disputes the quality of treatment he is receiving").

Finally, Rowan names only one defendant in this lawsuit—that is, Dr. Pedri. *See* ECF No. 1 at PageID.1. None of Rowan's factual allegations, however, make any mention of Dr. Pedri. *See* ECF No. 1; ECF No. 6. This, too, dooms any allegation that Rowan faced an imminent danger of serious physical injury. *See Ruth v. Thompson W. Grp. Publ'g*, No. 1:23-cv-01231-JLT-SKO, 2023 WL 6553962, at *2 (E.D. Cal. Sept. 8, 2023) (concluding that the imminent-danger exception did not apply where the "allegations in the complaint are vague and conclusory, and fail to link any of the named defendants to any particular alleged violation of Plaintiff's rights"), *report and recommendation adopted*, No. 1:23-cv-01231-JLT-SKO, 2023 WL 8720114 (E.D. Cal. Dec. 18, 2023), *appeal dismissed*, No. 23-4425, 2024 WL 3175786 (9th Cir. Apr. 29, 2024); *McCoy v. United States*, No. 1:22-cv-00789-BAM (PC), 2022 WL 2442794, at *2 (E.D. Cal. June 28, 2022) (same), *report and recommendation adopted*, No. 1:22-cv-00789-BAM (PC), 2022 WL 3045088 (E.D. Cal. Aug. 2, 2022).

## CONCLUSION

This action is DISMISSED without prejudice to Rowan raising his claims in a new action with concurrent payment of the $405.00 civil filing and administrative fees.  Rowan is reminded that he will not be granted in forma pauperis status in any subsequent civil action unless he plausibly alleges that he faces an imminent danger of serious physical injury.  The Clerk is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

DATED: September 11, 2024 at Honolulu, Hawaii.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Rowan v. Pedri*; Civil No. 24-00358 DKW-WRP; **ORDER DISMISSING ACTION**